**UNITED STATES of America, Appellee,**

v.

**Antonio PERRONE, Ramon Emilio Gomez, and Israel Perez, Defendants,**

**Antonio Perrone and Ramon Emilio Gomez, Defendants–Appellants.**

**Nos. 1421, 1386, Dockets 90–1630, 90–1669.**

United States Court of Appeals, Second Circuit.

Petition for Rehearing Granted Aug. 13, 1991.

Decided Nov. 6, 1991.

Robin W. Morey and Daniel C. Richman, New York City, Asst. U.S. Attys., S.D.N.Y. (Otto J. Obermaier, U.S. Atty., S.D.N.Y.), for appellee.

Melvyn K. Roth (Vivian Shevitz, and Georgia J. Hinde, Mineola, N.Y., on the brief), for appellant Antonio Perrone.

Before LUMBARD, CARDAMONE, Circuit Judges, and LASKER,* District Judge.

LASKER, District Judge.

Following our June 13, 1991 decision in this case, *United States v. Perrone,* 936 F.2d 1403 (2d Cir.1991), the United States petitioned for rehearing as to our treatment of Perrone's conviction of conspiracy to manufacture narcotics pursuant to 21 U.S.C. §§ 841(a) and 846 (1988). The petition was granted because it raised questions which indicate the need for clarification of our earlier opinion.

The Government objects that our opinion suggested that 21 U.S.C. § 841(d), which was enacted after § 841(a) and which bans the possession of certain listed "precursor chemicals" with intent to manufacture a controlled substance or with knowledge that the chemicals would be used for that purpose, works a partial repeal of § 841(a) as to behavior covered by § 841(d). The Government correctly observes that in enacting § 841(d), Congress did not indicate that § 841(d) partially repealed § 841(a), and that absent evidence of a Congressional intent to repeal there is no basis for finding a later adoption of a more specific provision implicitly to repeal an earlier-enacted, more general provision. *See United States v. Bradley,* 812 F.2d 774, 779 (2d Cir.), *cert. denied,* 484 U.S. 832, 108 S.Ct. 107, 98 L.Ed.2d 67 (1987); *United States v. Jackson,* 805 F.2d 457, 461 (2d Cir.1986), *cert. denied,* 480 U.S. 922, 107 S.Ct. 1384, 94 L.Ed.2d 698 (1987).

The Government's fears derive from its misreading of our opinion, which held only that while Perrone's conviction of possessing listed chemicals with the requisite intent was proper, his conviction of a narcotics manufacturing conspiracy pursuant to § 841(a) was not supported by sufficient evidence. *See Perrone,* 936 F.2d at 1415 (there must be "additional evidence to support a conviction of the additional offense, beyond the minimum necessary to sustain a conviction under § 841(d). As far as this defendant was concerned, there was not"). Our earlier opinion should not be read to support the proposition that § 841(d) limits prosecution under § 841(a); to the contrary, it leaves that range of prosecutable behavior undisturbed and allows for the prosecution of additional behavior which may not be reachable under § 841(a), such as Perrone's in this case.

* Morris E. Lasker, United States District Judge for the Southern District of New York, sitting by designation.

Of course it is true that behavior covered by § 841(d) may overlap with behavior covered by § 841(a). The Government may prosecute under either or both provisions at its discretion. However, the reason for enactment of § 841(d) was to provide for the successful prosecution of certain behavior which could not be reached through § 841(a). Our holding is that in this case Perrone was proven guilty of violating § 841(d), but not § 841(a).