970 F.2d 1092
 61 USLW 2142
 UNITED STATES of America, Appellee,
v.
Frank LANNI, Michael Hug and David Mulinio, Defendants-Appellants,
Michael Cioffi, Frank Lanni, Michael Hug, David Mulinio,
Dominick Farina, James Debonis, William D.
McFadden and Hector Gonzalez, Defendants.
 Nos. 1422-1424, Dockets 91-1597 to 91-1599.
 United States Court of Appeals,
Second Circuit.
 Argued April 27, 1992.
Decided July 24, 1992.
 
 John L. Pollok, New York City (Michael H. Gold and Susan C. Wolfe, Hoffman & Pollok, of counsel), for defendants-appellants.
 Donald T. Kinsella, Asst. U.S. Atty., N.D.N.Y., Albany, N.Y. (Gary L. Sharpe, U.S. Atty., William C. Pericak, and Henry M. Greenberg, Asst. U.S. Attys., N.D.N.Y., of counsel), for appellee.
 Before: MESKILL, Chief Judge, NEWMAN and PIERCE, Circuit Judges.
 MESKILL, Chief Judge:
 
 
 1
 This is an appeal from judgments of conviction entered in the United States District Court for the Northern District of New York, McAvoy, J. Defendants Frank Lanni, David Mulinio and Michael Hug were convicted of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) & 846. Lanni and Mulinio also were convicted of structuring a financial transaction for the purpose of evading reporting requirements in violation of 31 U.S.C. §§ 5324(3) & 5322.
 
 
 2
 Defendants raise various arguments in support of reversing their convictions or remanding for resentencing. The only issue that merits a written opinion is the contention that defendants should be resentenced because the sentencing judge did not make findings of fact with regard to the amount of narcotics that was reasonably foreseeable by each of them. We agree with defendants on this point and remand for resentencing.
 
 
 3
 At sentencing the district court calculated each defendant's base offense level to be 34 based on an amount of cocaine weighing between 15 and 50 kilograms. The district court increased Mulinio's and Lanni's offense levels to 39 based on their respective roles in the offense and their attempts to obstruct justice and sentenced them to prison terms at the bottom of the adjusted United States Sentencing Guidelines (Guidelines) range under the applicable criminal history category. Mulinio and Lanni also received terms of imprisonment on a second count to run concurrently with the prison term on the conspiracy count. The district court denied Hug a reduction for minimal or minor participation in the criminal activity and sentenced him to a prison term in the middle of the Guidelines range for a base offense level of 34. Each defendant's prison term was to be followed by five years supervised release.
 
 
 4
 Defendants were convicted of participation in a narcotics conspiracy. As we previously have recognized, an important distinction exists between the criminal law standard for convicting a defendant of conspiracy and the Guidelines standard for sentencing a defendant convicted of conspiracy. Under conspiracy law, a defendant may be convicted of conspiracy even though he is unaware of all the conspiracy's unlawful aims, as long as he has knowledge of some of those aims. See United States v. Lanza, 790 F.2d 1015, 1022-23 (2d Cir.), cert. denied, 479 U.S. 861, 107 S.Ct. 211, 93 L.Ed.2d 141 (1986). The Guidelines' approach is narrower than the standard for establishing guilt of the conspiracy offense itself. A defendant convicted of conspiracy may be sentenced for relevant conduct committed by a co-conspirator in furtherance of the conspiracy only if that conduct was reasonably foreseeable by the defendant. See Guidelines § 1B1.3, Application Note 1; United States v. Perrone, 936 F.2d 1403, 1416 (2d Cir.) (footnote omitted), clarified on other grounds, 949 F.2d 36 (2d Cir.1991).
 
 
 5
 Therefore, because "the scope of conduct for which a defendant can be held accountable under the sentencing guidelines is significantly narrower than the conduct embraced by the law of conspiracy," Perrone, 936 F.2d at 1416, a sentencing judge may not, without further findings, simply sentence a defendant according to the amount of narcotics involved in the conspiracy. It is essential that a sentencing judge in a narcotics conspiracy make findings of fact regarding the amount of narcotics reasonably foreseeable by each defendant, adequate to support the offense level deemed applicable. See id. at 1417.
 
 
 6
 The record is unclear whether the sentencing judge made the appropriate findings. For example, at Hug's sentencing proceedings the district judge stated:
 
 
 7
 Well, the first and I think the main matter involved is the quantity of cocaine. And the government's sentencing memorandum goes over that in great detail. And knowing that this matter was going to come before the Court, as the trial went on I prepared my own notes as we were going through the trial to attempt to ascertain exactly how much cocaine could be attributed to Mr. Hug under the case law as we know it to be. And I'm not going into the analysis of that. While I don't agree with the total quantities that the government has listed, claims to have established, the Court's convinced ... by the preponderance of the evidence that there was more than 15 kilos of cocaine involved here. So the offense level is going to be established and accepted as calculated by the Probation Department.
 
 
 8
 The judge's initial statement that he had made notes at trial "to attempt to ascertain exactly how much cocaine could be attributed to Mr. Hug under the case law" may have reflected the judge's attempt to determine the amount of cocaine that Hug reasonably could have foreseen. Later, however, the judge appeared to have shifted his inquiry to a determination of the amount of cocaine involved in the conspiracy as a whole, rather than the amount attributable to Hug, an individual co-conspirator. The judge referred to the quantity of cocaine "involved" and concluded that "the quantity of cocaine involved is sufficient to establish a base level of 34." At no point did the judge clarify whether he found that the conspiracy involved between 15 and 50 kilograms of cocaine or whether he found that that quantity was reasonably foreseeable by Hug.
 
 
 9
 The same is true of the other defendants. At Mulinio's sentencing, the judge stated that he was "fully satisfied ... that the quantity of drugs involved again was between 15 and 50 kilograms." At Lanni's sentencing, the judge, without discussion, adopted the presentence report's recommendation of a base offense level of 34 based on a 15-to-50 kilogram cocaine conspiracy. There was no finding that either defendant could reasonably have foreseen that the conspiracy would involve between 15 and 50 kilograms of cocaine.
 
 
 10
 Moreover, the district court's failure to articulate the basis for its conclusion that defendants were responsible for between 15 and 50 kilograms of cocaine makes meaningful appellate review difficult, if not impossible. See United States v. Jewel, 947 F.2d 224, 234 (7th Cir.1991). The amount of cocaine involved in the conspiracy and attributable to each defendant was the subject of much debate at the sentencing proceeding. In response to defense counsel's objections, the sentencing judge explained that he had prepared notes at trial to ascertain the quantity of cocaine but added that he was "not going into the analysis of that." His decision not to reveal the factual basis for the base offense calculation makes it very difficult for us to determine whether the calculation was supported by the evidence.
 
 
 11
 Because the record is unclear as to whether the court made findings that each defendant reasonably could have foreseen that the conspiracy would involve between 15 and 50 kilograms of cocaine, we vacate the sentences and remand for precise findings on the issue and resentencing. We express no view as to whether the government has established that a 15-to-50 kilogram conspiracy was foreseeable by each defendant. We merely remand to the district court for factual findings as to the amount using the proper inquiry.
 
 
 12
 We have reviewed defendants' other contentions and find them to be without merit. Defendants were not deprived of their Sixth Amendment right to effective representation by conflict-free counsel. The district court properly followed the mandates of United States v. Curcio, 680 F.2d 881, 890 (2d Cir.1982), and its progeny and each defendant knowingly and intelligently waived that right. See, e.g., United States v. Jenkins, 943 F.2d 167, 176 (2d Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 659, 116 L.Ed.2d 751 (1991). In addition, the district court's denial of defendants' request for a bill of particulars was not error because defendants have not borne their heavy burden of demonstrating that the district court abused its discretion by that denial. United States v. Cephas, 937 F.2d 816, 823 (2d Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 884, 116 L.Ed.2d 788 (1992). Defendants' other challenges to the sentences imposed are meritless and require no discussion.
 
 CONCLUSION
 
 13
 For the foregoing reasons the judgments of conviction are vacated as to the sentences only and remanded for resentencing.
 
 JON O. NEWMAN, Circuit Judge, concurring:
 
 14
 I concur in Chief Judge Meskill's opinion and add these few words only to clear up an ambiguity that had permeated some of the prior discussion in this Circuit and elsewhere of the distinction between the standards of conspiracy law and the Sentencing Guidelines standard for sentencing those convicted of conspiracy. For example, in United States v. Perrone, 936 F.2d 1403, 1416 (2d Cir.), clarified on other grounds, 949 F.2d 36 (2d Cir.1991), we said: "It is important to note that the scope of conduct for which a defendant can be held accountable under the sentencing guidelines is significantly narrower than the conduct embraced by the law of conspiracy."
 
 
 15
 That observation was ambiguous as to whether the broader area of "conduct embraced by the law of conspiracy" referred to (a) the conduct for which a defendant could be convicted of the offense of conspiracy or (b) the conduct, constituting a substantive offense, for which a defendant could be convicted under the Pinkerton doctrine if the substantive offense was committed by a co-conspirator in furtherance of the conspiracy and was reasonably foreseeable by the defendant. See Pinkerton v. United States, 328 U.S. 640, 646-47, 66 S.Ct. 1180, 1183-84, 90 L.Ed. 1489 (1946); United States v. Carroll, 510 F.2d 507, 508-09 (2d Cir.1975); United States v. Alsondo, 486 F.2d 1339, 1346 n. 3 (2d Cir.1973) (on petition for rehearing); 1 Leonard B. Sand, et al., Modern Federal Jury Instructions p 19.03 (1992) (Pinkerton charge for guilt of substantive offense includes element "that the defendant could have reasonably foreseen that the substantive crime might be committed by his co-conspirators").
 
 
 16
 Chief Judge Meskill's opinion, in describing the narrower standard of guideline sentencing for conspiracy, helpfully and precisely contrasts that standard with the broader standard applicable only to conviction for the conspiracy offense itself. When the relevant conduct guideline speaks of "all acts and omissions ... for which the defendant would be otherwise accountable ... that otherwise were in furtherance of the offense," Sentencing Guidelines, § 1B1.3(a)(1), it calls to mind the Pinkerton standard, which holds a conspirator liable, in some circumstances, for substantive offenses committed by a co-conspirator. The Commission has apparently recognized the force of the Pinkerton analogy since it has limited sentencing for relevant conduct of "others in furtherance of jointly-undertaken criminal activity" to conduct "that was reasonably foreseeable by the defendant." Id., comment. (n. 1). See United States v. Joyner, 924 F.2d 454, 458-59 (2d Cir.1991) (section 1B1.3 commentary reflects Pinkerton standard); see also United States v. Andrews, 953 F.2d 1312, 1319 (11th Cir.1992) (section 1B1.3 standards "roughly approximate" Pinkerton standards), cert. denied, --- U.S. ----, 112 S.Ct. 3007, 120 L.Ed.2d 882 (1992).
 
 
 17
 The broader aspect of conspiracy law, permitting conviction of a defendant who knew some but not all the aims of the conspiracy, see United States v. Lanza, 790 F.2d 1015, 1022-23 (2d Cir.), cert. denied, 479 U.S. 861, 107 S.Ct. 211, 93 L.Ed.2d 141 (1986), applies only to conviction for the conspiracy offense itself, and not to vicarious liability for substantive offenses committed by a co-conspirator.