**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 95-5085

CONNELL ROBINSON, III,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, Senior District Judge.
(CR-92-34-P)

Argued: January 31, 1996

Decided: March 6, 1996

Before ERVIN and WILLIAMS, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Milton Gordon Widenhouse, Jr., Assistant Federal Public
Defender, Raleigh, North Carolina, for Appellant. Kenneth Davis
Bell, Assistant United States Attorney, Charlotte, North Carolina, for
Appellee. **ON BRIEF:** Mark T. Calloway, United States Attorney,
Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Connell Robinson was convicted of conspiracy to distribute cocaine, see 21 U.S.C.A. §§ 841(a)(1), 846 (West 1981 & Supp. 1995), and sentenced to 168 months imprisonment. On appeal, we sustained Robinson's conviction, but vacated his sentence and remanded for resentencing because the district court did not make factual findings regarding the quantity of cocaine attributable to Robinson for his participation in the conspiracy for purposes of sentencing. See United States v. McManus, 23 F.3d 878, 887-88 (4th Cir. 1994). On remand, the district court found that Robinson was responsible for the distribution of fifteen to fifty kilograms of cocaine based on his participation and the reasonable foreseeability of the quantity of cocaine distributed by his co-conspirators, see United States Sentencing Commission, Guidelines Manual, § 1B1.3, comment. (n.2) (Nov. 1992), and sentenced Robinson to 151 months imprisonment. Robinson appeals his sentence, and we affirm.

I.

The facts are recited in the panel opinion affirming Robinson's conviction, see McManus, 23 F.3d at 881-88, and it is unnecessary to repeat them at length here. The only issue in this appeal is whether the district court properly determined the quantity of cocaine attributable to Robinson for purposes of sentencing. The evidence adduced at Robinson's resentencing hearing established that Robinson participated in the conspiracy for roughly one year, was instrumental to the conspiracy, and was "in charge" at two of the drug houses where cocaine was delivered to him by his co-conspirators. Robinson collected the money from the sale of the cocaine and tendered it to his superiors in the conspiracy; he also solicited other "workers" to distribute cocaine at these two drug houses. Indeed, Robinson conceded that he actually distributed five to fifteen kilograms of cocaine based

2

on his "in charge" status at the two drug houses. In addition to being "in charge" at two drug houses, Robinson was cognizant of the distribution of cocaine at four other houses through regular meetings with his co-conspirators. He participated in cocaine distribution activity in at least three other houses and used violence -- participating in shooting a member of a rival narcotics distribution conspiracy -- to advance the purpose of the conspiracy. The evidence established that Robinson was not a mere lackey, but rather a trusted manager.

Based upon the reasonable foreseeability of the jointly undertaken criminal activity, the district court found as a fact that Robinson should be held responsible for the distribution of fifteen to fifty kilograms of cocaine for purposes of sentencing based on the timeframe in which he participated in the conspiracy, even though the conspiracy as a whole was responsible for distributing fifty to seventy-five kilograms of cocaine during the same timeframe. The factual basis for this finding was that Robinson was cognizant of the breadth of the conspiracy and agreed to participate in the conspiracy to this extent. Distribution of fifteen to fifty kilograms of cocaine resulted in a base offense level of thirty-four, and, coupled with a criminal history category I, resulted in a sentence of 151 to 188 months imprisonment. The district court sentenced Robinson to 151 months imprisonment.

Robinson challenges the quantity of cocaine attributable to him for sentencing purposes, asserting that only five to fifteen kilograms of cocaine can be attributed to him. According to Robinson, he did not "agree[ ] to participate jointly in narcotics activity beyond the sales at the [two drug houses.]" (Appellant's Brief at 9.) Asserting that he was a mere "worker" in the conspiracy, Robinson argues that "[h]e could not be held responsible for the entire conspiracy as found by the district court in the absence of any evidence that he agreed to this involvement or reasonably could have foreseen it." (Appellant's Brief at 9.) Essentially, therefore, Robinson posits that the factual findings of the district court for purposes of determining the quantity of cocaine attributable to him are clearly erroneous.

II.

Sentences imposed for narcotics distribution offenses are calculated by the quantity of narcotics involved in the offense conduct. See

3

U.S.S.G. § 2D1.1(c) (Nov. 1992). For sentencing purposes, relevant conduct is considered and is determined on the basis of:

> (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and

> (B) in the case of jointly undertaken criminal activity . . . all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity,

> that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense[.]

U.S.S.G. § 1B1.3(a)(1). For purposes of narcotics distribution conspiracies, as here, the commentary to § 1B1.3 states:

> [T]he scope of the criminal activity jointly undertaken by the defendant (the "jointly undertaken criminal activity") is not necessarily the same as the scope of the entire conspiracy, and hence relevant conduct is not necessarily the same for every participant. In order to determine the defendant's accountability for the conduct of others . . . the court must first determine the scope of the criminal activity the particular defendant agreed to jointly undertake (i.e. , the scope of the specific conduct and objectives embraced by the defendant's agreement). The conduct of others that was both in furtherance of, and reasonably foreseeable in connection with, the criminal activity jointly undertaken by the defendant is relevant conduct under this provision.

U.S.S.G. § 1B1.3, comment. (n.2). Under the Sentencing Guidelines, therefore, "in order to attribute to a defendant for sentencing purposes the acts of others in jointly-undertaken criminal activity, those acts must have been within the scope of the defendant's agreement and must have been reasonably foreseeable to the defendant." United

4

States v. Gilliam, 987 F.2d 1009, 1012-13 (4th Cir. 1993). Thus, fifteen to fifty kilograms of cocaine can be attributed to Robinson, provided this quantity was known to him or reasonably foreseeable to him. See United States v. Irvin, 2 F.3d 72, 75-77 (4th Cir. 1993), cert. denied, 114 S. Ct. 1086 (1994). To determine the quantity of cocaine that can be attributed to Robinson, the focus of the inquiry must be on the reasonable foreseeability of the jointly undertaken criminal activity. See Gilliam, 987 F.2d at 1013.

If, as here, the quantity of drugs attributable to a defendant is disputed, the district court must make an independent resolution of this issue at sentencing. See U.S.S.G. § 6A1.3(b) (Nov. 1992); see also United States v. Morgan, 942 F.2d 243, 245 (4th Cir. 1991) (explaining that the district court must determine as a factual matter the quantity of narcotics to be attributed to a defendant for purposes of sentencing). The Government shoulders the burden of establishing the quantity of cocaine to attribute to Robinson and must do so by a preponderance of the evidence. See United States v. Goff, 907 F.2d 1441, 1444 (4th Cir. 1990). Determining the reasonable foreseeability and quantity of cocaine are factual inquiries, and hence our review is limited to ascertaining whether the factual findings of the district court are clearly erroneous. See United States v. Banks, 10 F.3d 1044, 1057 (4th Cir. 1993), cert. denied, 114 S. Ct. 1850 (1994).

Here, the district court made factual findings based on Robinson's reasonable foreseeability of the jointly undertaken criminal activity in determining the quantity of cocaine to be attributed to Robinson for purposes of sentencing. See United States v. Estrada, 42 F.3d 228, 231 (4th Cir. 1994) (recognizing that the district court must make factual findings for calculating quantity of narcotics for purposes of sentencing for a conspiracy conviction based on reasonable foreseeability). As elucidated above, Robinson sold cocaine and collected the proceeds from the sales to give to his superiors at two of the drug houses; also, he solicited other workers to distribute cocaine at these two drug houses. Moreover, Robinson knew that cocaine was distributed at the other four drug houses, participated in cocaine distribution activity at three of these four drug houses, and used violence to advance the conspiracy's purpose.

Based on Robinson's participation in the conspiracy, his status as "in charge" of distribution at two drug houses, his use of violence to

5

further the objectives of the conspiracy, and his occasional work at some of the other drug houses, the district court found as a matter of fact that Robinson was accountable for distributing fifteen to fifty kilograms of cocaine based on his participation in the conspiracy and the reasonable foreseeability of the quantity of cocaine distributed by the jointly undertaken criminal activity. Thus the amount of cocaine attributable to Robinson was substantially less than the amount attributed to the conspiracy as a whole. See Banks , 10 F.3d at 1056-57 (explaining that if the district court finds that the defendant reasonably foresaw a quantity of cocaine distributed by the conspiracy, he is responsible for that amount unless the facts underpinning his reasonable foreseeability are clearly erroneous). Here, the district court's factual findings are not clearly erroneous and are supported by a preponderance of the evidence. Because "[a] defendant convicted of conspiracy may be sentenced for relevant conduct committed by a co-conspirator in furtherance of the conspiracy" premised on reasonably foreseeability, the district court correctly attributed to Robinson fifteen to fifty kilograms of cocaine. See United States v. Lanni, 970 F.2d 1092, 1093 (2d Cir. 1992).

III.

The district court found as a fact that, based on reasonable foreseeability and agreed participation in the jointly undertaken criminal activity, fifteen to fifty kilograms of cocaine could be attributed to Robinson for purposes of sentencing. The factual findings of the district court are not clearly erroneous. Robinson's sentence is affirmed.

AFFIRMED

6