**Anthony BELL, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 99–CV–1335.

United States District Court, N.D. New York.

Nov. 2, 1999.

Anthony Bell, F.C.I. McKean, Bradford, PA, pro se.

Office of the United States Attorney, Northern District of New York, Albany, NY, Richard Hartunian, AUSA, of Counsel, for U.S.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

Before the Court is petitioner Anthony Bell's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Specifically, Petitioner alleges that: (1) he received ineffective assistance of counsel on his appeal because his appellate counsel failed to object to the quantity of drugs used by this Court for sentencing purposes; and (2) the sentence imposed by the Court with respect to Count Twelve of the Superseding Indictment was in violation of the laws of the United States.[1] *See* Petitioner's Motion Under 28 U.S.C. § 2255 at 5. For the reasons that follow, Petitioner's motion is denied in all respects.

1. At the Government's request, the Court permitted the Government to file its opposition papers to Petitioner's motion by October 27, 1999.

2. Counts One, Two, Three, and Twelve name Andrea Jones, a co-defendant charged in the Superseding Indictment.

3. At sentencing, the Court granted Petitioner a two-level downward departure for accep-

## I. BACKGROUND

Petitioner was charged in a twelve (12) count Superseding Indictment with: (1) conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, or "crack" cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (Count One); (2) distribution of cocaine base (crack/cocaine), in violation of 21 U.S.C. § 841(a)(1) (Counts Four, Six, Eight, and Ten); (3) possession with intent to distribute cocaine base (crack/cocaine), in violation of 21 U.S.C. § 841(a)(1) (Counts Five, Seven, Nine, and Eleven); and (4) possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Twelve). Following a jury trial held before this Court, Petitioner was found guilty of Counts One, Six, Seven, Eight, Nine, and Twelve of the Superseding Indictment.[2] On January 30, 1998, this Court sentenced Petitioner to a term of imprisonment of 180 months on Counts One, Six, Seven, Eight and Nine, and a term of imprisonment of 120 months, to run concurrently with the prior sentence, on Count Twelve.[3]

On appeal, Petitioner contended that he was entitled to a new trial on the grounds that: (1) the district court admitted weapons evidence that was not relevant to the alleged narcotics offenses and was unfairly prejudicial to him, and (2) tape transcripts not received in evidence were inadvertently taken into the jury room and were considered by jurors during their deliberations. *See United States v. Bell,* 166 F.3d 1201, 1998 WL 777028, at *1 (2d Cir. Oct. 27, 1998) (Unpublished Disposition). The Second Circuit affirmed the district court's judgment. *See id.*

tance of responsibility, denied a two-level enhancement for possession of a weapon, and reduced Petitioner's criminal history category from VI to IV. This placed Petitioner at a base offense level of 32. With respect to the quantities of drugs, the Court adopted the PSR's calculated weight based on direct witness, informant, and grand jury testimony. *See* Transcript of January 30, 1998 Sentencing Hearing ("Sentencing Transcript"), at 10–16.

## II. DISCUSSION

### A. Ineffective Assistance of Counsel Claim

 To establish a claim of ineffective assistance of counsel, a defendant must show that his attorney's performance "fell below an objective standard of reasonableness," and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Shareef*, 190 F.3d 71, 1999 WL 675103, at *5 (Sept. 1, 1999) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)); *see also Hurel Guerrero v. United States*, 186 F.3d 275, 281 (2d Cir.1999). "Failure to make a meritless argument does not amount to ineffective assistance. Nor does an action or omission that might be considered sound trial strategy constitute ineffective assistance." *United States v. Arena*, 180 F.3d 380, 396 (2d Cir.1999) (quotations omitted). Bell contends that he received ineffective assistance of counsel because his attorney failed to object to the quantity of drugs used by this Court in sentencing him.

 In determining the quantity of drugs attributable to a defendant in a jointly undertaken criminal activity, "the defendant is accountable for . . . all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook." U.S.S.G. § 1B1.3 Application Note 2 (1998); *see also United States v. Miller*, 116 F.3d 641, 684 (2d Cir.1997), *cert. denied*, ── U.S. ──, 118 S.Ct. 2063, 141 L.Ed.2d 140 (1998); *United States v. Perrone*, 936 F.2d 1403, 1417 (2d Cir.1991), *decision clarified on rehearing*, 949 F.2d 36 (2d Cir.1991). The quantity of narcotics attributable to a given defendant may be estimated. *See* U.S.S.G. § 2D1.1 Application Note 12 ("Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the con-

trolled substance."); *Miller*, 116 F.3d at 684. The facts as to the quantity of drugs for which a defendant is to be held accountable need be established only by a preponderance of the evidence. *See United States v. Moreno*, 181 F.3d 206, 213 (2d Cir.1999), *petition for cert. filed*, (U.S. Sept. 20, 1999) (citing *United States v. Desimone*, 119 F.3d 217, 228 (2d Cir.1997), *cert. denied sub nom., Fernandez v. United States*, ── U.S. ──, 119 S.Ct. 174, 142 L.Ed.2d 142 (1998)); *Miller*, 116 F.3d at 684. The sentencing court has broad discretion to consider all relevant information when making a finding as to the quantity of drugs involved, and its quantity determination will not be disturbed unless it is clearly erroneous. *See, e.g., Moreno*, 181 F.3d at 213; *Miller*, 116 F.3d at 684.

 The Court finds Petitioner's argument with respect to the quantity of drugs used for sentencing purposes to be without merit. At sentencing, this Court considered all of Bell's arguments, as well as testimony presented at trial and at the grand jury. *See* Sentencing Transcript, at 10–11. Indeed, in adopting the amounts provided by the Probation Department, the Court noted that it relied on direct evidence from a witness and proof that Bell made the numerous trips in connection with his drug activities, *see id.* at 11, and "grand jury testimony and the informant's testimony of the sales and the weight [of the drugs]," *see id.* at 13. Thus, "the district court made a reasoned approximation of drug quantity, well supported by a preponderance of the evidence." *United States v. Huddleston*, 194 F.3d 214–223 (1st Cir.1999) ("An approximation of drug quantity will be upheld 'as long as it represents a reasoned estimate of quantity.'") (quoting *United States v. Webster*, 54 F.3d 1, 5 (1st Cir.1995)); *United States v. Joiner*, 183 F.3d 635, 640 (7th Cir.1999) ("Although drug amounts and types cannot be determined by mere spec-

ulation, reasonable estimations are permissible."). Accordingly, Petitioner fails to allege a cognizable claim under *Strickland* on the quantity of drugs issue.[4]

### B. Sentence Imposed With Respect to Count Twelve

■ Petitioner also fails to raise a *Strickland* claim with respect to the Court's sentence on Count Twelve of the Superseding Indictment. The sentence of 120 months for Count Twelve—which involved cocaine, and not cocaine base or crack cocaine as charged in the other counts—was less than the statutory maximum for a conviction on that count. *See* 21 U.S.C. § 841(b). Moreover, the Court stated that the 120–month sentence for Count Twelve was to run *concurrently* with the 180–month sentence imposed for Counts One, Six, Seven, Eight and Nine. *See* Sentencing Transcript at 14. Thus, the sentence on Count Twelve did not lengthen Petitioner's overall sentence with respect to the other counts.

### III. CONCLUSION

For the foregoing reasons, Petitioner's motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is DENIED and DISMISSED.

**IT IS SO ORDERED.**

---

4. Indeed, Petitioner's counsel addressed the quantity of drugs issue at the sentencing hearing, and raised numerous objections considered by the Court prior to sentencing. *See* Sentencing Transcript at 8–9.