**Jerry VEGA, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 97–CV–2446 (ADS).

United States District Court, E.D. New York.

May 12, 2003.

Jerry Vega, Dannemora, NY, Petitioner, pro se.

Roslynn R. Mauskopf, United States Attorney Eastern District of New York, by Assistant United States Attorney Jo Ann Navickas, Brooklyn, NY, for Respondent.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Jerry Vega ("Vega") moves to vacate, set aside or correct his sentence from his

1991 conviction in this Court, pursuant to 28 U.S.C. § 2255.

In 1989, Vega and numerous other defendants were indicted for activities related to their narcotics operation known as the "Unknown Organization." The complete factual background of this case has been elaborated in earlier opinions of this Court and the Court of Appeals for the Second Circuit. *See United States v. Vega,* 11 F.3d 309, 313–15 (2d Cir.1993); *Ramirez v. United States,* 185 F.Supp.2d 246, 249–52 (E.D.N.Y.2001); *Concepcion v. United States,* 181 F.Supp.2d 206, 210–11 (E.D.N.Y.2002). Thus, only facts and procedure necessary for the instant disposition are stated herein.

On November 15, 1991, this Court entered a judgment convicting Vega, after a guilty plea, of conspiracy to distribute and possess with intent to distribute more than one hundred grams of heroin and more than five hundred grams of cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B). The Court sentenced Vega to 360 months' imprisonment, to be served consecutively to a previously imposed New York State sentence, and to be followed by a five-year term of supervised release.

Vega directly appealed his conviction to the Court of Appeals for the Second Circuit ("Second Circuit"), contending that: (1) this Court should have allowed him to withdraw his guilty plea; and (2) the Court erred in imposing consecutive sentences. On December 3, 1993, the Second Circuit affirmed his conviction, finding that the Court did not abuse its discretion in: (1) declining to allow Vega to withdraw his guilty plea; and (2) imposing his federal sentence consecutive to his previously imposed state court sentence. *United States v. Vega,* 11 F.3d 309, 313–15 (2d Cir.1993).

On April 23, 1997, Vega filed the instant motion, alleging that: (1) appellate counsel was ineffective for: (i) failing to request or attend oral argument on his direct appeal; and (ii) failing to argue that the Court should have determined, before sentencing, the amount of narcotics that was reasonably foreseeable to Vega; (2) the Second Circuit unfairly denied his motion for reargument of his direct appeal.

By letter dated April 8, 2003, Vega requested that the Court allow him to amend his petition to include a new claim in light of *Coker v. United States,* No. 01 Civ. 5045, 2003 WL 1563374, at *2–4 (S.D.N.Y. Mar. 25, 2003), which discusses the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Court granted Vega's request and gave him until May 1, 2003 to file the amendment. As of May 9, 2003, the Court has not received any documentation from Vega and thus will not consider his amendment. Further, having reviewed both *Apprendi* and *Coker,* the Court did not find an issue that would change the outcome of Vega's instant motion.

### DISCUSSION

It is well settled that a Section 2255 motion is not a substitute for direct appeal. *United States v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982); *United States v. Munoz,* 143 F.3d 632, 637 (2d Cir.1998). Accordingly, "Section 2255 claims not raised on direct review are procedurally barred unless they raise constitutional or jurisdictional claims, or result in a 'complete miscarriage of justice.'" *Johnson v. United States,* 313 F.3d 815, 817 (2d Cir.2002) (quoting *Graziano v. United States,* 83 F.3d 587, 590 (2d Cir.1996)). A petitioner seeking to raise a claim in his Section 2255 motion that he did not raise on direct appeal must show "cause and prejudice" or a "fundamental miscarriage of justice" for his failure to do so. *Frady,* 456 U.S. at 167, 102 S.Ct. 1584

(citing *Davis v. United States,* 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216(1973)); *Munoz,* 143 F.3d at 637.

One exception to this procedural default rule is for claims of ineffective assistance of counsel. Such claims may be brought in a Section 2255 proceeding whether or not the petitioner could have raised them on direct appeal. *Massaro v. United States,* ⸺ U.S. ⸺, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

### A. As to the Ineffective Assistance of Counsel Claim

Vega argues that his appellate counsel was ineffective for: (i) failing to request and appear for oral argument in his direct appeal to the Second Circuit; and (ii) failing to argue that the Court should have determined, before sentencing, the amount of narcotics that was reasonably foreseeable to Vega.

In order to prevail on an ineffective assistance of counsel claim, a petitioner must first show that his counsel performed deficiently and that the deficiency caused actual prejudice to his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner may prove the deficiency prong by establishing that his attorney's conduct fell "outside the wide range of professionally competent assistance," *id.* at 690, 104 S.Ct. 2052, and establish prejudice by showing a "reasonable probability" exists that, but for the deficiency, "the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. However, the court must "indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052.

Although the test for ineffective assistance of counsel contains two prongs, the Supreme Court specifically noted that the federal district courts need not address both components if a petitioner fails to establish either one. *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052. "In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*

### (i) As to the Failure to Attend Oral Argument

■ Vega contends that "counsel completely neglected to request oral argument" and was "absen[t] from town at a crucial point in time as when Petitioner's appeal was ready to be heard." (Pet. of 4/23/97, at 8.) Other than his brief complaints, Vega provides no arguments or evidence that counsel's performance in this regard was unreasonable. Further, Vega failed to demonstrate that he suffered prejudice as a result of his attorney's failure to request or attend oral argument. Vega's counsel submitted a brief to the Second Circuit which discussed his arguments. Based on that brief, the Second Circuit rendered a six page published decision denying Vega's appeal. Vega has not demonstrated that counsel's request for or appearance at oral argument would have changed the outcome of his appeal. *See United States v. Moore,* 228 F.Supp.2d 75, 81 (D.Conn.2002) (collecting cases); *Peterson v. Bennett,* No. 01–CV–920, 2002 WL 1592600, at *7 (E.D.N.Y. July 18, 2002); *Phillips v. United States,* No. 97 Civ. 274092, 2001 WL 274092, at *5 (S.D.N.Y. Mar. 19, 2001). Accordingly, Vega's claim regarding oral argument is denied.

### (ii) As to the Failure to Raise A Sentencing Claim

■ Vega alleges that counsel failed to file his supplemental brief which contained an argument that the Court did not deter-

mine the quantity of narcotics reasonably foreseeable to him (as a participant in the conspiracy) before sentencing, in accordance with *United States v. Lanni*, 970 F.2d 1092, 1093–94 (2d Cir.1992).

Vega again has failed to meet the two-prong burden necessary for his claim to survive. First, according to Respondent, Vega's counsel did file a brief containing the *Lanni* argument. Respondent contends that counsel filed the brief subsequent to the initial appeal, because *Lanni* had not yet been decided at that time. Vega has not presented any evidence that disputes Respondent's assertion. Second, Vega has failed to show that he suffered prejudice, or that the outcome of his appeal would have been different had counsel timely filed his supplemental brief. The Court did in fact determine the quantity reasonably foreseeable to Vega as a participant in the conspiracy at the time of his sentencing. (*See* T.R. of 10/18/91, at 78–81.) Thus, it is unlikely that the Second Circuit would have found merit in this additional claim. Vega has not made the requisite showing of prejudice due to counsel's performance. Accordingly, Vega's ineffective assistance of counsel claim is denied.

### B. As to the Second Circuit's Denial of Reargument

■ Vega also contends that the Second Circuit unfairly denied his motion for reargument, which contained his argument that the Court sentenced him in violation of his constitutional rights as articulated in *Lanni*. Vega specifically alleges that he attempted to timely file the supplemental brief, however, because of mis-communication between Vega, his counsel and the Second Circuit, the Clerk of the Court dismissed it as untimely. Vega claims that the Second Circuit erred by forwarding his

brief to the incorrect office, and he should not be penalized as a result.

■ "Section 2255 allows a federal prisoner to challenge only the legality of the original imposition of a sentence." *James v. Walsh*, 308 F.3d 162, 166 (2d Cir.2002) (citing *Chambers v. United States*, 106 F.3d 472 (2d Cir.1997)); *see Frady*, 456 U.S. at 165, 102 S.Ct. 1584. Vega does not allege nor prove that the Second Circuit's denial of his motion for reargument implicates the legality of his sentence. Thus, it is not a proper claim for a Section 2255 motion. *See Hernandez v. United States*, No. 91 Civ. 7623, 1995 WL 368436, at *3 (S.D.N.Y. June 21, 1995). Further, as noted above, the *Lanni* issue Vega sought to raise in his motion for reargument was without merit, as the Court did in fact determine the narcotics quantity reasonably foreseeable to him before sentencing. Accordingly, Vega's claim that the Second Circuit unfairly denied his motion for reargument is dismissed.

### CONCLUSION

For the foregoing reasons, Vega's motion to vacate, set aside or correct his sentence is DENIED.

Pursuant to Fed. R.App. P. 22(b) and 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied, as Vega has not made a substantial showing of a denial of a constitutional right. *Miller–El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000).

The Clerk of the Court is directed to close this case.

**SO ORDERED.**