UNITED STATES of America,
Appellee,

v.

Porfirio MARTINEZ, Defendant,

and

Felix Martinez and Francisco Checo,
Defendants–Appellants.

No. 03–1365, 03–1201(L).

United States Court of Appeals,
Second Circuit.

Jan. 20, 2004.

Robin C. Smith, Brooklyn, NY, Attorney for Felix Martinez, George R. Goltzer, Goltzer & Adler, New York, NY, Attorney for Francisco Checo, for Defendants–Appellants.

Victor L. Hou, Assistant United States Attorney, New York, NY, (James B. Comey, United States Attorney, and Marc L. Mukasey, Assistant United States Attorney), for Appellee, of counsel.

Present: JACOBS, STRAUB, Circuit Judges, and CARMAN, Judge.*

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED

* The Honorable Gregory W. Carman, Judge, United States Court of International Trade, sitting by designation.

**AND DECREED** that Felix Martinez's appeal from the judgment of the district court be **DISMISSED** and that Francisco Checo's appeal from the judgment of the district court be **REMANDED** for additional findings of fact.

### Martinez's Appeal

Defendant–Appellant Felix Martinez ("Martinez") appeals from a sentence entered in the Southern District of New York (Rakoff, *J.*) following a guilty plea. Defendant–Appellant Francisco Checo ("Checo") appeals from a sentence entered in the Southern District of New York (Rakoff, *J.*) following conviction after a five-day jury trial. Both defendants were charged with conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, a charge that stemmed from their involvement in a business of reconfiguring automobiles with hidden "traps" that facilitated the concealment of contraband. Despite stipulations and admissions made during his guilty plea, Martinez claims on appeal that the drug quantity for which he was responsible was arrived at in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Checo claims that the district court erred in factually determining for sentencing purposes that he was responsible for conspiring to distribute more than 150 kilograms of cocaine. Familiarity with the facts of these appeals is presumed.

*Apprendi v. New Jersey* requires that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435. Martinez admitted to conspiring to distribute more than five kilograms of cocaine and that he placed that quantity in a duffel bag. The district court relied on the finding in the Presentence Investigation Report that nineteen kilograms of cocaine were found in a duffel bag. Martinez did not dispute the quantity finding at the sentencing hearing.

As a threshold matter, Martinez expressly waived his right to appeal any sentence between 87 and 108 months in the plea agreement that he entered with the Government. This Court will generally enforce such waivers, even for possibly incorrect sentences, unless the waiver falls into a "very circumscribed" area of exceptions—only two of which are conceivably applicable to this case: "when the waiver was not made knowingly, voluntarily, and competently" or "when the sentencing court failed to enunciate any rationale for the defendant's sentence." *United States v. Gomez–Perez*, 215 F.3d 315, 319 (2d Cir.). At the sentencing hearing, the district court specifically called Martinez's attention to his waiver of appeal and Martinez acknowledged that he understood the legal impact of his waiver. The district court thoroughly discussed the rationale for Martinez's sentence, including the mitigating factors that compelled the court to give Martinez the minimum sentence allowed.

Even aside from Martinez's waiver of appeal, his failure to object at the sentencing hearing to the district court's sentencing findings would cause such findings to be reviewed for "plain error." *United States v. Thomas*, 274 F.3d 655, 666 (2d Cir.2001) (in banc). There is no such error; this Court has repeatedly stated that, under *Apprendi*, "drug ... quantity may be used to determine the appropriate sentence so long as the sentence imposed is not greater than the maximum penalty authorized by statute for the offense charged in the indictment and found by the jury." *Id.* at 673. There is no dispute that Martinez's sentence was less than the maximum potential penalty for conspiracy to distribute more than 5 kilograms of cocaine (*i.e.* a life sentence). *See* 21 U.S.C. §§ 841(b)(1)(A).

For the foregoing reasons, Martinez's appeal from the judgment of the district court is hereby DISMISSED.

**Checo's Appeal**

The district court found that, for purposes of sentencing, Checo was responsible for conspiring to distribute over 150 kilograms of cocaine. The court apparently extrapolated that quantity by adding up the amount of cocaine that would fill each trap built for the defendant. Checo argues that it was clear error for the court to calculate drug quantity on any basis other than the approximately 35 kilograms of cocaine that were actually seized from two different cars containing Checo's traps.

> The U.S. Sentencing Guidelines provide: Where ... the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance. In making this determination, the court may consider ... similar transactions in controlled substances by the defendant, and the size or capability of any laboratory involved.

U.S.S.G. § 2D1.1, cmt. n. 12. In determining the quantity of drugs applicable to an offense, a district court may consider "any appropriate evidence." *United States v. Prince,* 110 F.3d 921, 925 (2d Cir.1997). As to drug conspiracies, the Sentencing Guidelines particularly state:

> With respect to offenses involving contraband (including controlled substances), the defendant is accountable for all quantities of contraband with which he was directly involved *and,* in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook.

U.S.S.G 1B1.3, cmt. n. 2 (emphasis added).

■ We think that the drug capacity of the many traps built by Checo (without more) is an insufficient basis for finding that Checo was responsible for distributing more than 150 kilograms of cocaine.

The Government argues that the district court estimate can be adequately supported by (i) the 35 kilograms that were actually seized from two of Checo's traps, (ii) the (at least) thirteen traps that Checo concedes he helped build—each of which had a capacity of 40 to 95 kilograms, and (iii) Checo's active involvement in manually loading and unloading cocaine into traps on several occasions.

That series of findings and assumptions may or may not be sufficient to support an ultimate finding that Checo was foreseeably responsible for more than 150 kilograms of cocaine. But it is not clear from the record that the court (as opposed to the Government) made such findings and assumptions or that it premised its 150–kilogram calculation upon such findings and assumptions. *See United States v. Lanni,* 970 F.2d 1092, 1094 (2d Cir.1992) (holding that remand was required where district court's failure "to articulate the basis for its conclusion" about the amount of cocaine for which defendants should be held responsible at sentencing made "meaningful appellate review difficult, if not impossible"); *see also United States v. Jeffers,* 329 F.3d 94, 102 (2d Cir.2003) ("A court's factual findings 'must be made with sufficient clarity to permit appellate review.' ... 'Further factual findings will be required where we are unable to discern from the record the basis of the district court's ruling.' ") (citations omitted). We also note that some of the traps built by Checo might have been used to transport contraband other than cocaine. We therefore direct the district court to supplement its sentencing determination with further findings that bear upon drug quantity. *See U.S. v. Jacobson,* 15 F.3d 19, 21–22 (2d Cir.1994); *see also United States v. Zack-*

*son,* 6 F.3d 911, 924 (2d Cir.1993) (remanding for an adequate statement of reasons under 18 U.S.C. § 3553(c)).

For the foregoing reasons, we RE-MAND Checo's appeal for clarification of the district court's determination that Checo's sentence was based on a drug quantity of over 150 kilograms of cocaine. This panel retains jurisdiction over any claims that arise from the district court's clarification of its ruling. *See Jacobson,* 15 F.3d at 21–22. Accordingly, the clerk is directed to issue the mandate, which shall provide that either party may restore jurisdiction over the appeal to this panel by filing with the Clerk's Office a copy of the district court's clarification of its ruling and a letter advising the Clerk's Office that jurisdiction should be restored.