**UNITED STATES of America,
Appellee,**

v.

**Jorge NAVARRO, Defendant–Appellant.**

**No. 05–1595–CR.**

United States Court of Appeals,
Second Circuit.

Nov. 30, 2005.

Michael Paul, Jackson Heights, New York, for Defendant–Appellant.

Gurbir S. Grewal, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief; Emily Berger, Assistant United States Attorney), Brooklyn, New York, for Appellee, of counsel.

PRESENT: Hon. JAMES L. OAKES, Hon. CHESTER J. STRAUB, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Jorge Navarro ("Navarro") appeals from a judgment of conviction entered on March 29, 2005, in the United States District Court for the Eastern District of New York (Sandra L. Townes, *Judge*). Pursuant to a plea agreement with the government, Navarro pleaded guilty to Count One of a two-count information, charging money laundering conspiracy in violation of 18 U.S.C. § 1956(h). On March 18, 2005, the District Court sentenced Navarro to a term of imprisonment of 57 months, to be followed by a three-year term of supervised release, as well as a special assessment of $100. On appeal Navarro argues that his sentence was unreasonable insofar as the District Court applied the United States Sentencing Guidelines ("Guidelines") mandatorily and erred in determining the value of the funds involved in his money laundering conspiracy.

We assume the parties' familiarity with the underlying facts and procedural history.

As to the value of the funds, Navarro argues that the District Court erred in finding, pursuant to §§ 2S1.1(a)(2) and 2B1.1 of the Guidelines, that twelve levels should be added to Navarro's base offense level based on the amount of funds involved in the offense. In the plea agreement, the parties agreed that $34,800 was involved in the money laundering conspiracy. The Probation Officer recommended, however, that the court find that $325,770 was involved in the offense. This recommendation was based on the conclusion that the $290,970 found in Navarro's home pursuant to a consensual search was related to the $34,800 Navarro admitted conspiring to launder. Both the government and Navarro objected to the Probation Officer's recommendation and informed the court that, although Navarro agreed to forfeit the $290,970 found in his home, they believed $34,800 to be the value of the laundered funds involved in the offense to which Navarro pleaded guilty. The District Court found, over the parties' objections, that the relevant amount was $325,770, yielding a Guidelines range of 57–71 months.

At sentencing, the District Court made some statements that leave it unclear as to whether the District Court placed the burden on Navarro to prove the amount of laundered funds, or whether the District Court placed the burden on Navarro only as to Navarro's role in the offense. At one point the District Court stated, "I believe that by a preponderance of the evidence it has been shown that the money is part of the same course of conduct of the money laundering. [Navarro] hasn't shown me any different and he has the burden to do that." Tr. 4. Immediately prior to this statement, defense counsel was arguing about both the value of the laundered

funds, Tr. 3, and role, Tr. 4. The District Court later stated: "[A]s I said, I find by a preponderance of the evidence that the money found in the apartment is part of the same course of conduct of the money laundering, especially since there's no explanation, it is just there in his apartment in this duffle bag." Tr. 11. For sentencing purposes, it was the government's burden to prove, by a preponderance of the evidence, the amount of funds involved in the offense. *See, e.g., United States v. Desimone*, 119 F.3d 217, 228 (2d Cir.1997) ("The government has the burden of proving facts relevant to sentencing by a preponderance of the evidence.").

Because the record is unclear as to whom the District Court charged with the burden of proof as to the amount of the laundered funds, we remand for further proceedings, without expressing a view as to whether the government sufficiently proved that the amount was $325,770. *See United States v. Lanni*, 970 F.2d 1092, 1094 (2d Cir.1992). Accordingly, we remand the case for resentencing so that the District Court may make clear its factual findings as to amount and its method for doing so.

For the foregoing reasons, we **REMAND** to the District Court for resentencing.