**Michael S. JOHNSON, Petitioner–Appellant,**

**v.**

**UNITED STATES of America, Respondent–Appellee.**

**Docket No. 01–2528.**

United States Court of Appeals, Second Circuit.

Argued Nov. 7, 2002.

Decided Dec. 23, 2002.

---

**816**

Georgia J. Hinde, New York, NY, for Appellant.

Joseph J. Karaszweski, Assistant United States Attorney (Michael A. Battle, United States Attorney for the Western District of New York, on the brief), Buffalo, NY, for Appellee.

Before WALKER, Chief Judge, OAKES and MINER, Circuit Judges.

PER CURIAM.

Michael S. Johnson appeals from the judgment of the United States District Court of the Western District of New York (John T. Elfvin, Senior Judge), denying his motion pursuant to 28 U.S.C. § 2255. For the reasons stated below, we reverse in part and remand to the district court for re-sentencing.

On October 30, 1996, petitioner was convicted, following a jury trial, of possessing with intent to distribute five grams or more of a mixture containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). At trial the government produced evidence that petitioner sold cocaine base ("crack") to a confidential informant who was under directions from federal agents to purchase two ounces of crack from petitioner. At trial the parties stipulated to the fact that the drugs actually weighed 48.3 grams, but the parties disagree whether petitioner ever *agreed* to sell two ounces of crack (the equivalent of 56.7 grams). Based on a finding that petitioner, in fact, agreed to sell over 50 grams of cocaine base, the pre-sentence report ("PSR") recommended that the district court set petitioner's base offense level at 32 pursuant to U.S.S.G. § 2D1.1. Defense counsel did not object and the district court adopted the PSR's findings and recommendations in whole, setting defendant's offense level at 32, which, given petitioner's criminal history, allows for an incarceration period of 151–181 months. *See* U.S.S.G. § 2D1.1. Noting that petitioner showed "a lot of promise, [and] a lot of capabilities," the district court sentenced him to 151 months, observing that it was "the minimum" allowed. Trial counsel appealed petitioner's conviction and sentence on various grounds, but did not challenge the calculation of petitioner's base offense level.

In May 2000, Johnson, acting *pro se*, filed a motion pursuant to Section 2255 contending, *inter alia*, that his trial counsel's failure to object to the calculation of his base offense level according to the amount he allegedly agreed to sell and not the amount actually sold, constituted ineffective assistance of counsel. The district court denied his Section 2255 motion in its entirety. With respect to the claim that he received ineffective assistance of counsel at sentencing, the district court concluded that (1) the claim was procedurally

barred and (2) petitioner was not prejudiced by the error in the calculation of his offense level at 32 rather than 30 because petitioner's period of incarceration was permissible under both levels.

Petitioner filed a *pro se* appeal, and this court appointed counsel and issued a certificate of appealability ("COA") to consider the limited question of whether trial counsel was ineffective for failing to argue that petitioner should have been sentenced according to a base offense level of 30 instead of 32. We now reverse in part and remand to the district court for re-sentencing.

■ Because the district court relied on procedural default as a separate and sufficient basis for denying petitioner's claim, we first consider whether it is appropriate for this court to expand the COA to encompass review of that portion of the district court's holding. The district court's holding with respect to procedural default would render consideration of petitioner's ineffective assistance of counsel claim academic, *see* 28 U.S.C. § 2253; *Smaldone v. Senkowski,* 273 F.3d 133, 139 (2d Cir.2001) (per curiam), *cert. denied,* 535 U.S. 1017, 122 S.Ct. 1606, 152 L.Ed.2d 621 (2002) (Section 2253's COA requirement is a jurisdictional barrier to consideration of issues outside the certificate of appealability), and therefore we construe petitioner's notice of appeal as a request to amend the COA. *See El Rhagi v. Artuz,* 309 F.3d 103, 106 (2d Cir.2002) (per curiam) (construing the Notice of Appeal as a request to amend the COA to consider the district court's holding that petitioner's claim was procedurally barred); Fed. R.App. P. 22(b)(2) (authorizing the court of appeals to construe the notice of appeal as a request for a certificate of appealability). Because we find that the correctness of the district court's procedural ruling, as well as its ruling on the merits of petition-

er's constitutional claim, to be, at best, "debatable," we hereby amend the COA to encompass the district court's procedural ruling. *See Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) ("[A] COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").

■ Turning to the merits of the district court's holding that petitioner's ineffective assistance of counsel claim is procedurally barred, we find that the district court misapplied our precedent in *Graziano v. United States. See* 83 F.3d 587 (2d Cir.1996). In Graziano, we held that Section 2255 claims not raised on direct review are procedurally barred unless they raise constitutional or jurisdictional claims, or result in "a complete miscarriage of justice." *See id.* at 590. Because petitioner's challenge to the calculation of his base offense level takes the form of a Sixth Amendment ineffective assistance of counsel claim, the district court erred by holding that *Graziano* barred his claim. We also note that the district court's application of *Graziano* to petitioner's claim is particularly inappropriate because claims of ineffective assistance of counsel generally are not procedurally barred. *See Billy–Eko v. United States,* 8 F.3d 111, 114 (2d Cir.1993) (procedural bar doctrine does not generally apply to claims for ineffective assistance of counsel) (superceded by statute on other grounds as noted in *Triestman v. United States,* 124 F.3d 361, 369 n. 8 (2d Cir.1997)).

Finally, we address petitioner's ineffective assistance of counsel claim. To support a claim for ineffective assistance of counsel, petitioner must demonstrate that

his trial counsel's performance "fell below an objective standard of reasonableness," and that he was prejudiced by counsel's deficient acts or omissions. *Strickland v. Washington,* 466 U.S. 668, 687–90, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Based on the record before us, we find that petitioner has satisfied both of these elements.

First, trial counsel's representation fell below the "range of competence demanded of attorneys" when he failed to challenge the PSR's computation of petitioner's offense. *Id.* at 687, 104 S.Ct. 2052. Pursuant to Application Note 12 to section 2D1.1, "[i]n an offense involving an agreement to sell a controlled substance, the agreed-upon quantity of the controlled substance shall be used to determine the offense level *unless the sale is completed and the amount delivered more accurately reflects the scale of the offense.*" U.S.S.G. § 2D1.1, cmt. n. 12 (emphasis added). Here, where the sale was completed and there was no evidence that the 48.3 grams of crack actually sold did not represent the "scale of the offense," counsel plainly should have objected that defendant's offense level was squarely covered by Application Note 12 and was properly calculated at 30, which corresponds to offenses involving less than 50 grams of crack. In the words of Judge Easterbrook, an objection on this ground was close to "a dead-bang winner." *Page v. United States,* 884 F.2d 300, 301 (7th Cir.1989). The failure to object to the calculation error was a clear lapse in representation. *See United States v. Day,* 969 F.2d 39, 43 (3d Cir.1992) ("Because the Sentencing Guidelines have become a critical ... facet of federal criminal proceedings ... [f]amiliarity with the structure and basic content of the Guidelines ... has become a necessity for counsel who seek to give effective representation."); *see also Jackson v. Leonardo,* 162 F.3d 81, 86 (2d Cir.1998) (where there is no plausible explanation for counsel's error, no hearing is required to determine that counsel's representation was deficient).

We also find that petitioner was prejudiced by trial counsel's lapse in representation. *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052 (1984) (to establish prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). It is no answer to say, as the district court did, that defendant could have received the same sentence of 151 months at either level. The question is whether, but for the lapse, is there a reasonable probability the sentence would have been the same. We think not. Based on the record on appeal, we think the "reasonable probability" is that defendant's offense level would have been set at 30, and that he would have been sentenced to a period of incarceration less than 151 months. At sentencing, the district court commented favorably on petitioner and noted that he was giving him the "minimum" allowed by the higher range. Under these circumstances, there is a reasonable probability that he would not have sentenced him to the same 151 month period which was at the very top of the appropriate lower range (*i.e.,* 121–151 months). Thus, we find that petitioner was prejudiced by his attorney's failure to object to the sentencing calculation error. *Cf. Glover v. United States,* 531 U.S. 198, 203, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001) (holding that "any [increase in the] amount of actual jail time" due to Sentencing Guideline errors, constitutes prejudice under the *Strickland* doctrine).

For the reasons stated above, we hold that defense counsel's failure to object to a sentencing calculation error that likely resulted in an increase in defendant's period

of incarceration constituted ineffective assistance of counsel. Accordingly, we reverse the district court's denial of petitioner's Section 2255 motion with respect to the single claim of ineffective assistance of counsel discussed herein. We vacate defendant's sentence and remand to the district court for re-sentencing.

We have reviewed the parties' other arguments raised on appeal and find them to be without merit.