Joseph SAPIA, Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

Docket No. 03–2087.

United States Court of Appeals,
Second Circuit.

Aug. 4, 2004.

Georgia J. Hinde, New York, NY, for Appellant.

Brian R. Michael, Assistant United States Attorney for the Southern District of New York (Celeste L. Koeleveld, of counsel, David N. Kelley, United States Attorney, on the brief), New York, NY, for Appellee.

PRESENT: WINTER, STRAUB, and LAY,* Circuit Judges.

*SUMMARY ORDER*

Petitioner–Appellant Joseph Sapia appeals from the April 18, 2002 order of the United States District Court for the Southern District of New York (Allen G. Schwartz, *Judge* ) denying Sapia's motion

---

* The Honorable Donald P. Lay, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.

Sapia pleaded guilty to one count of conspiring to distribute and to possess with intent to distribute five kilograms or more of mixtures and substances containing cocaine in violation of 21 U.S.C. § 846, and was sentenced to a term of 270 months' imprisonment, to be followed by ten years' supervised release, and a $100 special assessment. The District Court concluded that Sapia was subject to a mandatory minimum sentence of twenty years' imprisonment under 21 U.S.C. § 841(b)(1)(A), because he had a prior conviction for a felony drug offense. Sapia claims that he should not have been subject to the twenty year mandatory minimum sentence because the government failed to file a prior felony information with the District Court before Sapia entered his guilty plea, as was required by 21 U.S.C. § 851(a)(1).**

On May 22, 2003, this Court issued a certificate of appealability with respect to four issues raised by this case: (1) whether the requirements of 21 U.S.C. § 851 are jurisdictional; (2) whether strict compliance with § 851 is required; (3) whether Sapia's sentence is illegal due to the government's alleged failure to comply with § 851; and (4) whether the provision in Sapia's plea agreement waiving certain 28 U.S.C. § 2255 challenges to his sentence forecloses his claim concerning the alleged violation of § 851.

If the government in fact filed the prior felony information prior to the entry of Sapia's guilty plea, then we do not need to resolve all of these questions. The government does not dispute that the prior felony information was stamped "filed" by the clerk's office on September 21, 2000, the day after Sapia entered his guilty plea. However, the government asserts that it handed the prior felony information to Judge Schwartz before the commencement of Sapia's plea proceeding on September 20, 2000. The government argues that the transcript of the plea proceeding shows that the court had already received the prior felony information. According to the government, giving the information to the District Judge satisfied § 851's requirement that the information be filed with the court. The government points to Federal Rule of Civil Procedure 5(e), which provides that "[t]he filing of papers with the court as required by these rules shall be made by filing them with the clerk of court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk." ***

There is no date noted on the prior felony information other than the "filed" stamp of September 21, 2000. Thus, if the government did give the information to the District Judge, no notation was made pursuant to Rule 5(e). Although the government may indeed have given the information to the District Judge prior to the plea proceeding, we do not think it is sufficiently clear from the transcript of the plea proceeding and the court's subsequent opinion on Sapia's § 2255 motion that this filing in fact occurred. Therefore, pursu-

** Title 21, United States Code, Section 851(a)(1), provides in part: "No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon."

*** Federal Rule of Criminal Procedure 49(d) provides that "[a] paper must be filed in a manner provided for in a civil action."

ant to the procedure outlined in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir.1994), we remand this case to the District Court for a finding as to whether the government gave the prior felony information to Judge Schwartz prior the entry of Sapia's guilty plea. *See United States v. White*, 980 F.2d 836, 845 (2d Cir.1992) (remanding for a finding as to whether the government filed a prior felony information before trial as required by 21 U.S.C. § 851). We instruct the District Court to also make a finding regarding whether Sapia or his counsel was served with a copy of the prior felony information prior to the entry of his guilty plea.

Although the plea proceeding occurred some time ago, the District Court may still be able to determine whether the government filed and served the information prior to the proceeding. Although most regretfully Judge Schwartz has passed away, the Assistant United States Attorney who allegedly filed the information, Judge Schwartz's deputy clerk, or Sapia's trial counsel may be able to provide some insight. These individuals may have records, notes, or specific recollections about the matter. Even if they do not, the Assistant United States Attorney might be able to testify as to whether his regular practice is to file a prior felony information with the judge or in the clerk's office before a plea proceeding. In addition, the deputy clerk might be able to indicate whether papers filed in open court were ordinarily marked in some manner, and whether the papers were usually brought directly to the clerk's office after the court proceeding.

Accordingly, we REMAND the case to the District Court for factual findings. *See Jacobson*, 15 F.3d at 21–22. After the District Court has made the findings required by this opinion, either party may restore jurisdiction to this Court by notify-

ing the Clerk of this Court by letter that the findings have been made, and the returned appeal will be assigned to this panel. An additional notice of appeal will not be needed.