**UNITED STATES of America,**
**Appellee,**

v.

**Eris Jose DURAN–COLON, a/k/a "Jose Ernesto Tapia Martinez,"**
**Defendant–Appellant.**

No. 06–0975–cr.

United States Court of Appeals,
Second Circuit.

Oct. 31, 2007.

Donald Yanella, New York, NY, for Appellant.

Michael J. Garcia, United States Attorney for the Southern District of New York, Virginia Chavez Romano and Diane Gujarati, Assistant United States Attorneys, New York, NY, for Appellee.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROBERT D. SACK, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Eris Jose Duran–Colon appeals from a judgment of conviction following a bench trial. Duran–Colon was convicted of conspiracy to distribute and possess with intent to distribute heroin, 21 U.S.C. § 846, possession of a fraudulent alien registration card, 18 U.S.C. § 1546, and passport fraud, *id.* § 1543. He was sentenced principally to 84 months' incarceration. We assume the parties' and counsel's familiarity with the underlying facts and procedural history of this case, and with the issues raised on appeal.

■ We reject Duran–Colon's assertion on appeal based on *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The district court did not err in failing to suppress the unwarned statement Duran–Colon made to police officers regarding the false immigration documents they found during a search of his home. During that search, Duran–Colon made a number of statements, some relating to the immigration documents, some to a drug press. He moved to suppress his statements, and in argument defense counsel placed the emphasis on those related to the drug press. The motion became moot as it related to the drug press statements when the government determined not to offer them. A confusion then arose as to whether Duran–Colon was pursuing a suppression motion directed to the statements on the documents. The court (and the government) expressed the understanding that the defendant was not seeking to suppress these. Defense counsel made no response. Then, when the statements relating to the documents were offered in evidence, Duran–Colon made no objection. Under the circumstances, he may not now fault the district court for having received these statements without ruling on the motion to suppress them. Even if the district court erred in admitting the statements, relief would not be warranted under the plain-error standard of review required by the absence of a contemporaneous objection, as it did not "seriously affect[ ] the fairness, integrity or public reputation of [the] judicial proceedings." *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (internal quotation marks and citations omitted).

■ We also reject Duran–Colon's claim that the district court abused its discretion in admitting "other crimes" evidence under Fed.R.Evid. 404(b). We follow an "inclusionary rule" with regard to 404(b) evidence, "allowing the admission of such evidence for any purpose other than to show a defendant's criminal propensity, as long as the evidence is relevant and satisfies the probative-prejudice balancing test of Rule 403 of the Federal Rules of Evidence." *United States v. Carboni,* 204 F.3d 39, 44 (2d Cir.2000) (internal quotation marks and citation omitted). We have serious doubts as to whether, had this been a jury trial, the decision to admit this evidence would not have risen to the level of an abuse of discretion. Henry Jimenez, Duran–Colon's co-conspirator and the government's cooperating witness, testified that he and Duran–Colon sold heroin together prior to the time period alleged in the indictment; the government purportedly introduced that evidence to show how the relationship between Duran–Colon and Jimenez developed. While we have often approved the admission of 404(b) evidence for the purpose of showing how the rela-

tionship between alleged co-conspirators developed, *see, e.g., United States v. Pipola*, 83 F.3d 556, 566 (2d Cir.1996), when, in a jury trial, the uncharged conduct is highly similar to the charged offense, such evidence may be unduly prejudicial insofar as it suggests to the jury the defendant's propensity to commit the offense. In the context of a bench trial such as that conducted in this case, however, the factfinder knows the purpose for which evidence is admitted and is presumed to rest his verdict on the proper inferences to be drawn from such evidence. *See United States v. Zuber*, 118 F.3d 101, 104 (2d Cir.1997); *LiButti v. United States*, 107 F.3d 110, 124 (2d Cir.1997). We therefore conclude that in this case the admission of the "other crimes" evidence was not an abuse of discretion.

■ We also conclude that there was no reversible error in the district court's sentencing Duran–Colon to 84 months' incarceration under 21 U.S.C. § 841(b)(1)(B). He argues that during summation, the government "conceded" that it sought only a (b)(1)(C) conviction, for which the statutory sentence would be zero to twenty years, only to reverse course prior to sentencing and argue that it was a (b)(1)(B) case, for which the statutory sentence would be five to forty years. Assuming, without deciding, that the government made such a concession, the government's change in position did not prejudice Duran–Colon. The sentence rendered, 84 months, falls within both the zero-to-twenty year statutory sentencing range for a (b)(1)(C) conviction and the five-to-forty year range for a (b)(1)(B) conviction. There is no indication whatever in the record that the district court would have sentenced Duran–Colon to a sentence below five years had he viewed such a sentence to be within his discretion. *See Sapia v. United States*, 433 F.3d 212, 219 (2d Cir.2005). Although Duran–Colon makes some vague assertions that he "relied" on the government's alleged concession and might have pursued a different trial strategy had the government not temporarily stated that this was a (b)(1)(C) case, he does not satisfactorily explain what that different strategy would have been or how his purported reliance had any effect on the outcome of his case.

Lastly, we decline to address the merits of Duran–Colon's claim that he received ineffective assistance of counsel at sentencing. The facts relevant to the ineffectiveness claim are best developed in collateral habeas proceedings under 28 U.S.C. § 2255, should Duran–Colon wish to institute them. *See United States v. Doe*, 365 F.3d 150, 152–55 (2d Cir.2004); *see also Massaro v. United States*, 538 U.S. 500, 504–05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). Accordingly, we dismiss Duran–Colon's ineffective-assistance claim without prejudice to his ability to pursue it in a section 2255 motion properly filed in district court. *See United States v. Cimino*, 381 F.3d 124, 130 (2d Cir.2004).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.