*485 SUMMARY ORDER
Petitioner Johnny Haygood appeals from the denial of his motion pursuant to 28 U.S.C. § 2255 to vacate his conviction, entered following a guilty plea, for possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). “On an appeal from the denial of a § 2255 motion, we review a district court’s conclusions of law de novo but will accept its factual findings unless they are clearly erroneous.” Sapia v. United States, 433 F.3d 212, 216 (2d Cir.2005). We assume the parties’ familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.
The “only ground” asserted by Haygood on appeal is that his trial counsel was ineffective in failing to raise a pretrial challenge to “the existence of the person who claimed he had made a drug buy from ‘John New York’ on September 1, 2003.” Appellant’s Br. at 8-9. Haygood did not present this precise argument to the district court in seeking § 2255 relief. There, he argued ineffective assistance based on counsel’s failure to challenge Haywood’s involvement in the alleged drug purchase. See Haygood v. United States, No. 06 Civ. 1569, 2007 WL 201242, at *4 (D.Conn. Jan. 23, 2007). No matter. Even if we were to view Haywood’s appellate argument as within the scope of the district court’s certificate of appealability, see Armienti v. United States, 234 F.3d 820, 824 (2d Cir.2000) (observing that scope of appellate review is defined by certificate of appeala-bility); see also 28 U.S.C. § 2253(c)(3), Haywood would not be entitled to § 2255 relief because his argument is flatly contradicted by the record, which shows that counsel did argue the non-existence of the purported confidential informant to the trial court.
Counsel’s second motion to suppress was explicitly “based upon the position of the defendant that there was not a confidential informant who provided information to the officers which is contained in the search warrant.” Dec. 28, 2004 Suppression Tr. at 3; see also id. (summarizing “the basic underlying argument of the defendant that the confidential informant doesn’t exist”). Indeed, in his pro se submissions to the habeas court, Haygood not only conceded that his counsel had raised such an argument, but also criticized him for doing so. See Pet’r’s Reply at 5, Haygood v. United States, No. 06 Civ. 1569 (D.Conn. Dec. 21, 2006) (noting that counsel “argued that the ‘Cl didn’t exist’” and terming that argument “frivolous”). The trial court’s rejection of counsel’s argument and its decision to credit the testimony of the officers who applied for the warrant, see Dec. 28, 2004 Suppression Tr. at 5, do not render Hay-good’s counsel constitutionally ineffective, see generally United States v. DiTommaso, 817 F.2d 201, 215 (2d Cir.1987) (“We will not second-guess trial counsel’s defense strategy simply because the chosen strategy has failed.”). Much less can Haywood now claim that counsel was ineffective for failing to raise this argument.
For the foregoing reasons, the order of the district court is AFFIRMED.