11-5365
United States v. Lindsay

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of December, two thousand twelve.

Present:
ROBERT A. KATZMANN,
BARRINGTON D. PARKER,
RICHARD C. WESLEY,
     *Circuit Judges*,

_____

UNITED STATES OF AMERICA,

     *Appellee*,

     v.                 No. 11-5365

RAMEEK LINDSAY,

     *Defendant-Appellant*.

_____

| | |
|---|---|
| For Defendant-Appellant: | David A. Lewis, Assistant Federal Public Defender, Federal Defenders of New York, Inc., New York, N.Y. |
| For Appellee: | Jo Ann M. Navickas, Marcia M. Henry, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, N.Y. |

Appeal from the United States District Court for the Eastern District of New York (Glasser, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Rameek Lindsay appeals from a December 5, 2011 judgment of the United States District Court for the Eastern District of New York (Glasser, *J.*). The district court revoked his term of supervised release after Lindsay admitted to violating the terms of his supervised release by unlawfully using marijuana and sentenced him, following his admission, to a ten-month term of imprisonment and two years of supervised release. On appeal, Lindsay contends that the district court's sentence was procedurally unreasonable because the district court failed to calculate the applicable Sentencing Guidelines range on the record. We presume the parties' familiarity with the facts and procedural history of this case.

When we review a district court's sentencing decision for procedural unreasonableness, we evaluate whether the district court committed a "significant procedural error." *Gall v. United States*, 552 U.S. 38, 51 (2007). With respect to the Guidelines, district courts are required to begin all sentencing proceedings by calculating the Guidelines range because that range is the benchmark for sentencing. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). A district court "commits procedural error where it fails to calculate the Guidelines range[,] . . . makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory." *Id.* at 190 (internal citations omitted). Because Lindsay did not raise his procedural objection to the district court at the time of sentencing, we review his claim for plain error. *United States v. Wagner-Dano*, 679 F.3d 83, 88 (2d Cir. 2012); *United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008). Lindsay must demonstrate that: "(1) there is an error; (2) the error is clear or obvious,

2

rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010) (internal quotation marks omitted).

Here, the Report on Violation of Supervised Release ("Report") prepared by the Probation Department calculated Lindsay's Guidelines range as 6-12 months. After Lindsay admitted to the charged violations in open court, his attorney attempted to clarify the applicable Guidelines range before proceeding to sentencing. The district court confirmed that the Report had mistakenly assigned a Criminal History Category of IV to Lindsay, rather than the correct category of III. Defense counsel noted that this correction resulted in a "minor change to the guidelines [range]," but the district court did not recalculate Lindsay's corrected Guidelines range of 5-11 months on the record. After considering the factors relevant to Lindsay's violation pursuant to 18 U.S.C. § 3553(a), the district court sentenced Lindsay to ten months of imprisonment and two years of supervised release.

Under our existing precedent, the district court erred by not recalculating the correct Guidelines range applicable to Lindsay's violation after it noted the Report's incorrect calculation. *See Cavera*, 550 F.3d at 190. This was clear error. Nevertheless, we find that Lindsay has failed to demonstrated that this error affected his substantial rights, as he failed to show that there exists "a reasonable probability that the error affected the outcome of the [proceeding]." *Marcus*, 130 S. Ct. at 2164; *see also United States v. Olano*, 507 U.S. 725, 734 (1993) (holding defendant bears burden of persuasion with respect to prejudice).

3

The district court provided extensive reasoning for its decision to impose a 10-month sentence, which it rested on Lindsay's lack of motivation to obey the conditions of his supervised release and his general disrespect for the law. The district court had already noted on the record that the Guidelines range of 6-12 months in the Report was too high, correctly indicating that Lindsay's Criminal History Category should have been calculated as III not IV. Lindsay's counsel noted that this correction resulted in only a "minor" adjustment to the Guidelines range. Given this, and given the district court's thorough consideration of the circumstances surrounding Lindsay's violation and the factors set forth in section 3553(a), there is no "reasonable probability" that the district court's failure to place the correct 5-11 months Guidelines Range on the record affected Lindsay's sentence. *See Marcus*, 130 S. Ct. at 2164 (rejecting a standard finding plain error whenever there is "any possibility, no matter how unlikely," that the error affected the outcome of the proceeding (emphasis omitted)).[1] The district court's failure to recalculate the Guidelines range on the record did not affect Lindsay's

[1] Additionally, the 10-month sentence imposed by the district court fell within both the incorrect Guidelines range in the Report and the actual Guidelines range. In such a case, "we . . . inquire[] into whether the sentence was based particularly on its relative position in the (incorrect) Guidelines range, or whether the record indicates that the same sentence would have been imposed even if a lower range were applicable." *Sapia v. United States*, 433 F.3d 212, 218 (2d Cir. 2005). The record makes clear that this is not a case, for example, where the district court explicitly intended to impose a "middle of the Guidelines" sentence yet incorrectly calculated that range. *Compare United States v. Keigue*, 318 F.3d 437, 444–45 (2d Cir. 2003) (holding, where district court expressed intent to impose sentence in the "middle" of the Guidelines, there was reasonable probability that court's incorrect calculation of Guidelines range affected sentence imposed), *with Sapia*, 433 F.3d at 218–19 (distinguishing *Keigue* and holding, where district court indicated desire to impose sentence within Guidelines range of 235–293 months but "above" 235 months before imposing sentence of 270 months, there was no reasonable probability that incorrectly concluding defendant was subject to mandatory minimum sentence of 240 months affected the sentence imposed), *and United States v. Diaz*, 176 F.3d 52, 118 (2d Cir. 1999) (holding, where district court rejected request for downward departure, sentence imposed within either of two arguably applicable Guidelines ranges did not affect defendant's substantial rights resulting in a manifest injustice).

4

substantial rights, nor did it seriously affect the fairness, integrity, or public reputation of the judicial process. *Id.* at 2166 (suggesting that, "in most circumstances, an error that does not affect the [outcome] does not significantly impugn the fairness, integrity, or public reputation of the judicial process" (internal quotation marks omitted)). Lindsay has not demonstrated plain error.

Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK