09-0564-cr(Lead), 09-1111-cr(con)
USA v. Souza (Dugan)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of April, two thousand ten.

Present:
      RALPH K. WINTER,
      ROBERT A. KATZMANN,
            *Circuit Judges*,
      JED S. RAKOFF,
            *District Judge*.[*]

---

UNITED STATES OF AMERICA,

     *Appellee*,

         v.                           No. 09-1111-cr

STUART DUGAN, aka "STUEY," EMANUEL RUTA, aka "MANNY,"

     *Defendants-Appellants*.

---

[*] The Honorable Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

For Appellant Ruta:                    B. ALAN SEIDLER, New York, N.Y.

For Appellee:                          JOHN D. BURETTA, Assistant United States Attorney
                                       (Elizabeth J. Kramer, Elizabeth A. Geddes, Assistant
                                       United States Attorneys, *of counsel*), *for* Benton J.
                                       Campbell, United States Attorney for the Eastern
                                       District of New York, Brooklyn, N.Y.


Appeal from the United States District Court for the Eastern District of New York (Townes, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the order of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Emanuel "Manny" Ruta[1] was convicted by a jury of conspiracy to commit extortionate collection of credit and the substantive offense of extortionate collection of credit, both in violation of 18 U.S.C. § 894(a)(1). He was sentenced principally to 36 months' imprisonment on each count to run concurrently and subject to a $10,000 fine. On appeal, defendant argues that the district court lacked sufficient evidence to convict him, that the district court imposed an unreasonable sentence, and that he suffered ineffective assistance of counsel. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

In reviewing the sufficiency of the evidence underlying a conviction, we are "obliged to view the evidence in its totality and in the light most favorable to the prosecution, mindful that the task of choosing among permissible competing inferences is for the jury, not a reviewing court." *United States v. Florez*, 447 F.3d 145, 154-55 (2d Cir. 2006). In light of this deferential standard,

---

[1] This Summary Order addresses only Defendant-Appellant Ruta's appeal. The accompanying appeal by Co-Defendant Stuart Dugan consists only of an *Anders* motion, which we decided under separate cover.

the defendant challenging the sufficiency of the evidence carries "a heavy burden." *United States v. Finley*, 245 F.3d 199, 202 (2d Cir. 2001). Moreover, in conspiracy cases, deference to the jury "is especially important . . . because a conspiracy by its very nature is a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in court." *United States v. Morgan*, 385 F.3d 196, 204 (2d Cir. 2004) (omission in original) (internal quotation marks omitted).

When examined holistically, the wiretap recordings, which served as the heart of the Government's case, adequately establish that: (1) Ruta had made a monetary loan to Joseph Sveva, (2) there was a subsequent failure to make timely payments on the loan, and (3) Ruta had, in response, utilized threats and intimidation to prompt repayment. For instance, on August 7, 2006, Michael Souza, a co-defendant in the case, said to Ruta that he had heard that Ruta "gave somebody Anthony something . . . Have you been getting taken care of?" In an apparent reference to repayment on the loan, Ruta stated that he had been "taken care of for the first . . . ten or twelve . . . . That was back in . . . January, February and March. . . . Nothing since April." Then Souza, recounting an exchange with Sveva in which Souza inquired after the loan, said:

> [Sveva] said yeah, you're right but I ain't paying nothing. So I said oh listen, you're gonna pay something and he said, what are you, what are you threatening me? I said no, we're telling you we're gonna break your . . . head.

In a later call on the same day, Souza said to Ruta, "And just tell [Joe] . . . if he [says sarcastically] oh Manny I'm scared, you know, let him know uhh, that he should be. . . . Let your friend reach out, or else . . . we'll follow through." And in evident distress over Souza's visit to Sveva's pizza store as an intimidation tactic to induce repayment, Sveva implores Ruta: "Manny, please tell [Souza] not to . . . come to the store," to which Ruta states: "I can't tell him what to

3

do. You understand that Joe? I cannot tell him what to do." The defendant goes so far as to advise Souza that Sveva kept a firearm in the pizza store, which is a warning that makes sense if Ruta intended to have Souza threaten Sveva.

These brief excerpts, taken in the broader context of multiple other relevant exchanges captured in the wiretap recordings, lead us to conclude that the Government had supported the charges against the defendant with sufficient evidence, particularly when examined in the light most favorable to the prosecution.

As to the defendant's argument that his sentence was unreasonable, we review the district court's sentence "under a deferential abuse-of-discretion standard" and "will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). We apply the abuse-of-discretion standard in determining both procedural and substantive unreasonableness.[2] *United States v. Jones*, 531 F.3d 163, 170 (2d Cir. 2008).

In finding that the defendant's sentence is substantively reasonable, we note that we are disinclined to second guess the district court's consideration of the 3553(a) factors. Moreover, though this Circuit has not adopted a presumption that a within-Guidelines sentence is reasonable, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). Indeed, here, the defendant received a within-

---

[2] That Ruta does not specify whether he believes his sentence to be substantively or procedurally defective is immaterial as it does not alter the outcome of the analysis.

4

Guidelines sentence of 36 months' imprisonment on each count to run concurrently.

The substantive reasonableness of the defendant's sentence is reinforced by our further conclusion that, in the absence of any evidence to the contrary, the defendant's sentence is not procedurally unreasonable. *See Fernandez*, 443 F.3d at 30 (stating that unless otherwise indicated, this Court adopts a presumption that "a sentencing judge has faithfully discharged her duty to consider the statutory factors"). Here, the district court explicitly stated that it had considered the Guidelines and factors under 3553(a) "to ensure that the sentence is sufficient but not greater than necessary." The district court considered the "nature and circumstances of the offense and the history and characteristics of the defendant," while also noting that the Bureau of Prisons was fully capable of handling Ruta's health issues. Indeed, with respect to the defendant's physical condition, the district court entertained a significant amount of relevant information before pronouncing its sentence. Finally, the district court went so far as to read into the record a review of the most relevant parts of the wiretap evidence. The 36 month sentence is neither procedurally nor substantively defective.

We review the imposition of a $10,000 fine for plain error because defendant failed to object to the fine below. *See United States v. Hernandez*, 85 F.3d 1023, 1031 (2d Cir. 1996).[3]

In assessing a fine, the district court "must consider the Guidelines recommendation . . . , consider the § 3553(a) factors, and consider the fine-specific factors listed in 18 U.S.C. §§ 3571

---

[3] To establish plain error, Ruta must demonstrate that (1) there was an error, (2) the error was plain, and (3) the error affected Ruta's substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). If these conditions are met, the Court may exercise its discretion to review the error, but only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

and 3572."[4] *United States v. Elfgeeh*, 515 F.3d 100, 136 (2d Cir. 2008). The Guidelines instructs the district court to "impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a).

After establishing the Guidelines range for the fine ($7,500-$75,000), the district court then duly covered the factors required under 3553(a). It noted explicitly that the defendant appeared to be "intelligent" and had "the potential to be successful in lawful endeavors." The district court properly considered the defendant's substantial net-positive assets as detailed in the Presentence Report, and in light of his ability to earn monies in the future, the district court did not commit plain error in imposing a fine that was not only within the Guidelines range, but also on the lower end of that range.

For the foregoing reasons, we have no occasion to disturb defendant's reasonable sentence.

Finally, with respect to defendant's claim of ineffective assistance of counsel, the standard for demonstrating constitutionally deficient representation under *Strickland v. Washington*, 466 U.S. 668 (1984), is stringent. There is a strong presumption in favor of the reasonableness of defense counsel's representation, and the Court is obligated to avoid second-guessing counsel's strategic decisions with the benefit of hindsight. *Id.* at 689-90. A person claiming ineffective assistance of counsel must satisfy two elements: (1) that counsel's performance fell below an

---

[4] Section 3572(a)(1) requires the court to consider, *inter alia*: defendant's income and resources; burden of the fine on the defendant and its affect on those who are financially dependent on the defendant; pecuniary loss of others resulting from the offense; need to deprive defendant of illegally obtained gains; cost to the Government of incarceration, supervised release, or probation.

objective standard of reasonableness, *Johnson v. United States*, 313 F.3d 815, 817-18 (2d Cir. 2002) (per curiam); and (2) that, but for counsel's defective assistance, the result of the proceedings would have been different, *see Strickland*, 466 U.S. at 694.

This Court, however, is "disinclined to resolve ineffective assistance claims on direct review." *United States v. Gaskin*, 364 F.3d 438, 467 (2d Cir. 2004); *accord United States v. Khedr*, 343 F.3d 96, 99-100 (2d Cir. 2003) ("[T]his court has expressed a baseline aversion to resolving ineffectiveness claims on direct review.") (internal quotation marks omitted). Counsel accused of being ineffective should be given the opportunity to explain his or her conduct and decision-making process. *Khedr*, 343 F.3d at 100. Indeed, the Supreme Court has stated that "in most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance" because the district court is "best suited to developing the facts necessary to determining the adequacy of representation during an entire trial." *Massaro v. United States*, 538 U.S. 500, 504, 505 (2003).

Though the Supreme Court has stated that "few such claims will be capable of resolution on direct appeal," *id.* at 508, direct review is not categorically precluded and a claim of ineffective assistance can, in certain cases, be resolved without further development of the record, *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003). This is appropriate where the "factual record is fully developed and resolution of the Sixth Amendment claim on direct appeal is 'beyond any doubt' or 'in the interest of justice.'" *Gaskin*, 364 F.3d at 468 (quoting *Khedr*, 343 F.3d at 100).

Though Ruta argues that he was denied effective assistance of counsel because, *inter alia*, defense counsel did not allow him to testify at trial in his own defense, such strategic decisions lay firmly within the ambit of trial counsel's discretion. *See Wilson v. Mazzuca*, 570 F.3d 490, 502

7

(2d Cir. 2009) (errors that give rise to an ineffectiveness claim do not stem "from a sound trial strategy, but instead ar[i]se from oversight, carelessness, ineptitude, or laziness").  In light of the fact that we have determined there was sufficient evidence for the jury to have found the defendant culpable, and in the absence of any error not arguably attributable to defense counsel's strategic decision-making, the Court is left to speculate as to why trial counsel's performance was so objectively deficient as to be constitutionally defective.  Since we cannot resolve this claim on the record before us and in light of the strong aversion to the direct appeal of ineffective assistance claims, the Court declines to adjudicate this claim at this juncture.

We have considered defendant's remaining arguments and find them to be without merit.

For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

8