13-503-cr
*United States v. Torres*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of September, two thousand fourteen.

PRESENT:  JOHN M. WALKER, JR.,
                    RICHARD C. WESLEY,*
                                *Circuit Judges,*

---

UNITED STATES OF AMERICA,

                                *Appellee,*

         -v.-                                                          No. 13-503-cr

HIRAM J. TORRES,

                    *Defendant-Appellant.*

---

\* The Honorable Debra Ann Livingston, a member of the original panel, subsequently recused herself from consideration of this case. The remaining two members of the panel, who are in agreement, decide this appeal in accordance with Internal Operating Procedure E(b) of the Rules of the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 46(d); *cf. United States v. Desimone*, 140 F.3d 457, 458 (2d Cir. 1998).

FOR APPELLANT:     David S. Hammer, New York, NY.

FOR APPELLEE:      Monica J. Richards, Michael A. Levy, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Sidney H. Stein, Judge).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the sentence of the district court be and

hereby is **AFFIRMED.**

In January 2011, pursuant to a cooperation agreement, Defendant Hiram Torres pled guilty to a six count information in the United States District Court for the Southern District of New York. The information charged him with, among other things, two robberies obstructing interstate commerce, 18 U.S.C. § 1951, and two counts of brandishing a firearm during those robberies, 18 U.S.C. § 924(c)(1)(A)(ii). When Torres committed these crimes he already had two robbery convictions in New York state court and had only been recently released from a lengthy prison sentence for the most recent of these convictions.

Nonetheless, in recognition of the substantial assistance he provided to the government, the district court sentenced Torres to only 130 months in prison. This was twenty months less than the sentence the Probation Office recommended and substantially less than the guidelines range as calculated by the Probation Office. Torres now appeals this sentence arguing that the district court misstated the length of his previous incarcerations and based his sentence, in part, on a perceived inability to learn from these previous stints in prison.

As an initial matter, Torres concedes that this argument was not raised below. Accordingly, we review only for plain error. *United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008). Plain error exists when "(1) there is an error; (2) the error is clear or obvious . . . ; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Alvarado*, 720 F.3d 153, 157 (2d Cir. 2013) (internal quotation marks omitted). We do not find plain error.

First, the district court misstated the length of Defendant's sentences when echoing a number offered by defense counsel. But elsewhere, the court explicitly adopted the PSR which correctly stated the length of Defendant's prior

incarcerations. Second, the precise length of Defendant's prior incarcerations is immaterial. The court based its sentencing decision on the fact that Defendant committed the instant robberies shortly after he completed a very lengthy prison sentence for identical conduct. The district court's point was that Defendant was in prison a long time, and it didn't change his behavior. Defendant's actual time in prison and the time his counsel claimed he had spent in prison were both more than sufficient to support the district court's conclusion. Third, although the district court misstated the length of Defendant's prior incarcerations at sentencing, this misstatement does not "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." *Alvarado*, 720 F.3d at 157. Finally, as the Government points out, the Probation Office made a serious error in Defendant's favor when it calculated his guideline range. Were this error corrected in a new sentencing proceeding, Defendant would face a guidelines range far harsher than the one under which he was sentenced and he could receive a higher sentence than the one imposed. Consequently, we do not think that "but for counsel's . . . errors, the result of the proceeding would have been different" in any way that would favor Defendant. *Johnson v. United States*, 313 F.3d 815, 818 (2d Cir. 2002).

For the reasons stated above, the sentence of the district court is

**AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk